**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA LEE,<br><br>*Plaintiff*,<br><br>v.<br><br>HON. CAROL V. NOVEY CATUOGNO,<br>in her official capacity, et al.,<br><br>*Defendants*. | Civil Action No. 25-13291<br><br>**OPINION AND ORDER**<br><br>July 17, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on *pro se* Plaintiff Patricia Lee's motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. (ECF 2, "Motion") Defendants have not yet appeared or filed motions in opposition. The Court has reviewed the Motion and decided it without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion is **DENIED**.

**WHEREAS** Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. In the Third Circuit, the four requirements Plaintiff must satisfy to obtain the emergent injunctive relief sought are:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

1

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (citations omitted)); and

    **WHEREAS** the Third Circuit has also made clear that "[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (*citing In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)); and

    **WHEREAS** this case stems from proceedings in family court involving Plaintiff's divorce and child custody disputes (the "State Court Action"). (*See* ECF 1, *"*Compl." ¶ 7.) Plaintiff alleges that the state court and various state court personnel failed to provide her with accommodations for her disabilities during the State Court Action proceedings. (*Id.* ¶¶ 8-17.) Plaintiff alleges that, as a result, she was unable to have her "fair day in court." (*Id.* ¶¶ 17-18.) Plaintiff brings claims against all Defendants for (1) violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131, et seq.) (the "ADA")[1], (2) Section 504 of the Rehabilitation Act of 1973, as amended (29

---

[1] Title II of the ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

U.S.C. § 794) (the "Rehabilitation Act")[2], and (3) violation of due process and equal protection pursuant to 42 U.S.C. § 1983 ("Section 1983") (*See* Compl. ¶¶ 19-36); and

**WHEREAS** under Title II of the ADA and the Rehabilitation Act, Plaintiff "must demonstrate that: (1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of h[er] disability." *Heffley v. Steele*, 826 F. App'x 227, 232 (3d Cir. 2020); *see also Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). Under the Rehabilitation Act, a plaintiff is also required to show that the entity that allegedly discriminated against her received federal funding. *See, e.g.*, *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013); and

**WHEREAS** a violation of procedural due process rights under the Fourteenth Amendment involves a showing that Plaintiff was (1) "deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.'" *Hill v. Borough of Kutztown,* 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination . . . They must demonstrate that they received different treatment from that received by other individuals similarly situated." *Holley v. Port Auth. of N.Y. & N.J.*, No. 14-7534, 2018 WL 4953008, at *2 (D.N.J. Oct. 12, 2018) (quoting *Chambers ex rel. Chambers v. Sch. Dist. Of Phila.*, 587 F.3d 176, 196 (3d. Cir. 2009)); and

---

[2] Section 504 of the Rehabilitation Act provides, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

**WHEREAS** Plaintiff fails to demonstrate a reasonable probability of eventual success in this action. Plaintiff's Section 1983 claims against Defendants Judge Jane Gallina-Mecca and Evelyn Nissirios will fail based on *res judicata*. *Res judicata*, also known as claim preclusion, bars "'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948)). Here, Plaintiff has filed two previous lawsuits that include Section 1983 claims against Judge Gallina-Mecca relating to the State Court Action, one of which also includes Nissirios as a defendant, and the Court has dismissed those lawsuits (*Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724 (D.N.J. Sept. 19, 2022), *aff'd*, No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023); *Lee v. Gallina-Mecca*, No. 23-06495, 2025 WL 444436 (D.N.J. Feb. 10, 2025)). Thus, those claims are barred by *res judicata*; and

**WHEREAS** Plaintiff's ADA and Rehabilitation Act claims are also unlikely to succeed against Judge Gallina-Mecca. Plaintiff claims that Judge Gallina-Mecca denied an adjournment request; denied Plaintiff's requests for transcripts; and did not provide Plaintiff "CART captioning or assistive listening" (Compl. ¶ 9), but Plaintiff's own filings indicate that these decisions were not made "by reason of [Plaintiff's] disability," as is required for an ADA or Rehabilitation Act claim. *Heffley*, 826 F. App'x at 232; and

**WHEREAS** Plaintiff's ADA and Rehabilitation Act claims against Nissirios are unlikely to succeed since Plaintiff does not allege or argue that Nissirios had any involvement in or control over Plaintiff's disability accommodations (*see generally* Compl., Mot.); and

**WHEREAS** Plaintiff is similarly not likely to succeed on her claims against Defendant Anthony Cureton; there is not a single allegation that mentions or implicates Cureton in the

4

Complaint (*see generally* Compl.), so the Court cannot conclude that Plaintiff is likely to succeed on her claims against him; and

**WHEREAS** Plaintiff's ADA and Rehabilitation Act claims against New Jersey are also unlikely to succeed for the same reason, and Plaintiff's Section 1983 claim against the State of New Jersey will likely fail due to sovereign immunity. *See Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) ("New Jersey has not waived its sovereign immunity for suits under Section 1983."); and

**WHEREAS** Plaintiff also does not have a reasonable chance of success in her claims against Defendants Arthur Andreano, the State Court ADA Emergency Application Coordinator, and Judge Carol V. Novey Catuogno. Plaintiff claims in her Motion that these Defendants did not make accommodations for Plaintiff based on her disabilities. (*See* Mot. 21, 23-24.) The exhibits attached to Plaintiff's Motion, however, show that Andreano and Judge Novey Catuogno *did* accommodate those of Plaintiff's requests that appropriately targeted Plaintiff's actual physical and medical conditions. (*See* ECF 1-3, Exs. H, I.) In other words, Plaintiff's Motion indicates that she was provided "with equal access and opportunity" to the State Court system. *Starego v. New Jersey State Interscholastic Athletic Ass'n*, 970 F. Supp. 2d 303, 317 (D.N.J. 2013) (denying preliminary injunction for ADA Title II claim). Moreover, based on the submissions, the Court finds it unlikely that the denial of Plaintiff's other accommodation requests was due to her disabilities rather than court rules and protocols. (*See* ECF 1-3, Exs. H, I.) Plaintiff has also failed to adequately allege or show that Judge Novey Catuogno's and Andreano's decisions on Plaintiff's ADA requests are somehow a violation of due process or equal protection; and

**WHEREAS** Plaintiff also fails to show irreparable harm. Plaintiff argues that she will be irreparably harmed without emergency injunctive relief because under a May 2024 order in the

5

State Court action, Plaintiff must vacate her home by July 18, 2025. (Compl. ¶¶ 3, 13, 18; Mot. at 22.) The Court suspects that Plaintiff's true purpose in filing this case is to avoid eviction from her home pursuant to the State Court Action order. Under the *Rooker-Feldman* doctrine, however, this Court cannot challenge determinations that were made in state court. Pursuant to this doctrine, the Court lacks subject-matter jurisdiction over a matter wherein "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiff "cannot circumvent Rooker–Feldman by recasting her claim[s] as [ ] federal civil rights violation[s]." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 273 (E.D.N.Y. 2005); and

**WHEREAS** Plaintiff does not otherwise argue that she will face irreparable harm if the Court does not impose temporary injunctive relief. As such, Plaintiff has failed to show both a likelihood of success on the merits and irreparable harm. *See Reilly*, 858 F.3d at 176; and

**WHEREAS** Plaintiff has filed at least four other actions in the District of New Jersey relating to the State Court Action, three of which include Judge Gallina-Mecca as a defendant. *See Lee*, 2022 WL 4354724; *Lee*, 2025 WL 444436; *Lee v. Gallina-Mecca*, No. 25-cv-02676 (D.N.J. filed Apr. 14, 2025); *Lee v. Chan*, No. 22-cv-07266, 2023 WL 4758453 (3d Cir. July 26, 2023). Plaintiff, proceeding *pro se*, may indeed be attempting to obtain relief in good faith. But to the extent Plaintiff aims to challenge unfavorable decisions in the State Court Action in federal court, the Court reminds Plaintiff that such attempts are improper. (*See supra*.)

**IT IS**, on this 17th day of July 2025,

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF 2) is **DENIED**.

                                                */s/ Jamel K. Semper*  
                                                **HON. JAMEL K. SEMPER**  
                                                **United States District Judge**

Orig:   Clerk  
cc:     José R. Almonte, U.S.M.J.  
        Parties